```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

JEFFREY J. PROSSER,                )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    Civil No. 2011-136
                                   )
TOBY GERBER; FULLBRIGHT &          )
JAWORSKI, LLP; RURAL TELEPHONE     )
FINANCE COPERATIVE; JAMES J.       )
LEE; RICHARD LONDON; DUSTIN        )
MCFAUL; VINSON & ELKINS, LLP;      )
STAN PRINGEL; JAMES P. CARROLL;    )
FOX ROTHSCHILD, LLP; GENOVESE,     )
JOBLOVE & BATTISTA, P.A.; PAUL     )
BATTISTA; THERESA VAN VLIET;       )
JANE DOE; JOHN DOE; ALVAREZ &      )
MARSAL                             )
                                   )
        Defendants.                )
                                   )

**ATTORNEYS:**

**Lawrence H. Schoenbach**
New York, NY
**Norman Anthony Abood**
Toledo, OH
**Robert F. Craig**
Omaha, NE
     *For the plaintiff,*

**Bernard C. Pattie**
St. Croix, VI
**William Stassen**
**Samuel H. Israel**
Fox Rothschild, LLP
Philadelphia, PA
**Yann Geron**
Fox Rothschild, LLP
New York, NY
     *For the defendant,*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Jeffrey J. Prosser ("Prosser") for reconsideration of this Court's order of March 10, 2015, vacating its order of February 14, 2014.

In 2006, Prosser filed a Chapter 11 bankruptcy petition. The petition was converted to a Chapter 7 petition. Prosser was represented by Norman Abood, Robert Craig, and Lawrence Schoenbach. James P. Carroll ("Carroll") was appointed trustee of the bankruptcy estate. Carroll was represented by Fox Rothschild, LLP.

During the pendency of the bankruptcy petition, Prosser filed an adversary complaint against Carroll and others. At the end of a related adversary proceeding, the bankruptcy court awarded Carroll $137,024.02 for expenses associated with the adversary proceeding. Prosser's counsel appealed to this Court. In a February 14, 2014 order, this Court held that the bankruptcy court erred in granting the motion for legal fees and expenses. Carroll appealed the February 14, 2014, order to the Third Circuit.

The Third Circuit held that the bankruptcy court's findings were not clearly erroneous. *See In re Prosser*, 777 F.3d 154, 161-63 (3d Cir. 2015). The Third Circuit explained in detail

*Prosser v. Gerber*
Civil No. 11-136
Order
Page 3

the reasonable factual foundations for the bankruptcy court's order. *See id*. The Third Circuit ordered:

> For the foregoing reasons, we will reverse the District Court's order vacating the Bankruptcy Court's imposition of sanctions and remand with instructions that the District Court reinstate the order imposing them.

*Id.* at 163.

On March 10, 2015, this Court issued an order vacating its February 14, 2014, order. On March 24, 2015, Prosser filed a motion for reconsideration of the March 10,2015, order in a closed case, *Prosser v. Abood*, Civil Case No. 10-cv-99 (D.V.I. March 24, 2015)("the attorney's fees case").[1] On April 3, 2015, Prosser filed a motion for reconsideration of the March 10, 2015, order in the current case, number 2011-136. In the motions for reconsideration, Prosser asserts that this Court never ruled on Prosser's proposed alternative grounds for relief from the bankruptcy court's award of attorney's fees. Prosser also requests that the Court accept the motion for reconsideration filed in the attorney's fees case or waive Federal Rule of Bankruptcy Procedure 8022's fourteen-day filing requirement.

---

[1] Case number 2010-99 was a premature appeal of the bankruptcy court's award of attorney's fees. This Court closed that case on September 19, 2011.

*Prosser v. Gerber*
Civil No. 11-136
Order
Page 4

Federal Rule of Bankruptcy Procedure 8022 states that a motion for reconsideration must be "filed within 14 days after entry of judgment on appeal." Fed. R. Bank. P. 8022(a)(1). The April 3, 2015, motion for reconsideration was filed 24 days after this Court issued the March 10, 2015, order. Even if a motion for reconsideration has been untimely filed, this Court still has discretion to address the merits of the motion. *See In re Alabama Protein Recycling, L.L.C.*, 210 F. App'x 876, 877-878 (11th Cir. 2006)("[W]e can find no abuse of the district court's discretion in its denial of the subsequently filed Emergency Motion, in which Appellants asked for leave to file an untimely Rule 8015 motion (or for the district court to deem timely the already-denied motion for rehearing. . . .)").[2]

Even assuming this Court were to choose to consider Prosser's motion as having been timely filed, there are still significant legal obstacles to Prosser obtaining the relief he seeks. The Third Circuit was very clear in its remand to this Court. The Third Circuit did not remand to this Court with an instruction to hold further proceedings in line with their opinion. This case was not remanded so that this Court could modify the sanctions. Rather, the Third Circuit instructed this

---

[2] Bankruptcy Rule 8022 was previously Bankruptcy Rule 8015. *See* Fed. R. Bankr. P. 8022 advisory committee's notes.

*Prosser v. Gerber*
Civil No. 11-136
Order
Page 5

Court to "reinstate the order imposing [the sanctions]." *In re Prosser*, 777 F.3d at 163.  That is precisely what this Court endeavored to do when it issued the March 10, 2015 order.

"It is well established that a trial court 'has no power or authority to deviate from the mandate issued by an appellate court.'" *SBRMCOA, LLC v. Bayside Resort Inc*, 596 Fed App'x 83, 87 (3d Cir. 2014)(quoting *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948)).

The premises considered, it is hereby

**ORDERED** that the motion for reconsideration is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____

**CURTIS V. GÓMEZ**
**District Judge**